BREWING CORP. OF AMERICA v.
CLEVELAND TRUST CO. et al.
No. 11160.

United States Court of Appeals
Sixth Circuit.
Dec. 15, 1950.

George M. Austin and John Ladd Dean, Cleveland, Ohio, for appellant.

Mooney, Hahn, Loeser, Keough & Freedheim, John Ladd Dean, George M. Austin, Cleveland, Ohio, on the brief.

Maurice Hanning, Cleveland, Ohio, for appellees.

McAfee, Grossman, Taplan, Hanning, Newcomer & Hazlett, Maurice F. Hanning, H. Vincent E. Mitchell, Cleveland, Ohio, on the brief.

Douglas, Stark, Jett & Biechele, H. W. Hopf, Cleveland, Ohio, for Cleveland Trust Co.

Before HICKS, Chief Judge, and MARTIN and MILLER, Circuit Judges.

MILLER, Circuit Judge.

On July 15, 1946, the plaintiff-appellant, Brewing Corporation of America, agreed to purchase approximately one million pounds of brewer's rice from defendant-appellee Otto Schalk, d.b.a. Worldwide Trading Company, on the following terms: $8.25 per cwt. f.o.b. cars Washington State shipping point, net sight draft with seller's invoices and railroad bills of lading attached, payable on presentation in Cleveland, Ohio. The rice was stored in a warehouse of the Pioneer Brewing Company at Walla Walla, Washington, from whom the defendant arranged to purchase the rice contemporaneously with the agreement of sale between it and the plaintiff. The rice was shipped by the Pioneer Brewing Company from Walla Walla, Washington, in eight cars of the Union Pacific Railroad to Chicago and after being paid for by Schalk was reconsigned by him from there to "Worldwide Trading Company at Cleveland, Ohio, notify Brewing Corporation of

America." Schalk's invoices with sight drafts and bills of lading attached were sent to the Cleveland Trust Company, Cleveland, Ohio, for payment.

One of the cars arrived in Cleveland prior to July 25, 1946, was delivered to, received and paid for by the plaintiff and is not involved in this litigation. Four of the cars were shipped on July 22nd, 24th and 25th, 1946 and arrived in Cleveland after July 25, 1946. The remaining three cars were shipped July 26th, 27th and 30th, 1946. Upon the arrival of the cars in Cleveland, the plaintiff declined to pay the drafts or to take delivery of the rice at the contract price, due to the reimposition of price controls by the Price Control Extension Act of 1946, effective July 25, 1946 at 4:05 p.m. 60 Stat. 678, 50 U.S.C.A.Appendix, § 901a note. By virtue of an escrow agreement with the Cleveland Trust Company, approved by the Cleveland Office of the OPA, plaintiff took possession of the rice and paid the full contract price of $68,031.58 to the Trust Company. The maximum price for the rice in question under the reimposed controls was thereafter established at $5.30 per cwt. The Trust Company thereafter paid Schalk $43,704.65 the agreed amount of the purchase price if computed at the OPA maximum price. The present action, instituted by the plaintiff, involves the balance of $24,326.93, which the Trust Company paid into the registry of the Court. Following appropriate pleadings and a Stipulation of Facts, the district Judge held that the defendant vendor was entitled to the full contract price, in that the Price Control Extension Act of 1946 was not applicable, and entered judgment in favor of the defendant against the plaintiff for $24,326.93, being the unpaid portion of the contract price. The plaintiff has appealed.

The purchase agreement between the parties on July 15, 1946 was made after the expiration on June 30, 1946 of the Emergency Price Control Act of 1942, 56 Stat. 23, 50 U.S.C.A.Appendix, 901–946, and prior to the effective date of July 25, 1946 at 4:05 p.m. when the Price Control Extension Act of 1946 became effective. Although the contract was entered into during the period when price controls were not in existence, the delivery to the purchaser of the seven cars in question was not made until after the controls had been re-established by the Price Control Extension Act of 1946. This Act restored all regulations, price schedules and requirements of the Emergency Price Control Act of 1942, retroactive to June 30, 1946, with certain exceptions, not here material. However, Section 18(3) of the Act provided: "That no act or transaction * * * occurring subsequent to June 30, 1946, and prior to the date of enactment of this Act shall be deemed to be a violation of the Emergency Price Control Act of 1942, as amended * * *."

The ruling of the District Judge was based upon the view that the sale and purchase of the rice in question was a "transaction" in the period between June 30, 1946 and July 25, 1946, within the meaning of the proviso above referred to, and was accordingly removed from the provisions of the Price Extension Act. We do not agree. Only a part of the transaction had occurred during the exemption period. The transaction herein involved consisted not only of the contract of purchase and sale, but also of the delivery of the rice to the purchaser and the payment of the purchase price. The delivery of the rice to the purchaser and the payment of the purchase price by it occurred at a time when price controls were in effect. That part of the transaction could not be carried out without being a violation of the maximum price established by those controls. The purchaser was correct in refusing to pay the contract price. A similar question to the one involved herein has heretofore been considered by us adversely to appellee's contention in Porter v. Merhar, 6 Cir., 160 F.2d 397; See also Fleming v. Rhodes, 331 U.S. 100, 67 S.Ct. 1140, 91 L.Ed. 1368; Philadelphia Coke Co. v. Bowles, Em.App., 139 F.2d 349; Foster & Co. v. Bowles, Em. App., 144 F.2d 870; Long Island Structural Steel Co. v. Schiavone-Bonomo Corp., D.C., 53 F.Supp. 505, affirmed, 2 Cir., 142 F.2d 557; Kramer & Uchitelle, Inc. v. Eddington Fabrics Corp., 288 N.Y. 467, 43 N. E.2d 493, 141 A.L.R. 1497. Defendant's

contract, though valid when made, did not give him any vested right immune from later federal legislation. "Federal regulation of future action based upon rights previously acquired by the person regulated is not prohibited by the Constitution * * *. Immunity from federal regulation is not gained through forehanded contracts." Fleming v. Rhodes, supra, 331 U.S. 100, 107, 67 S.Ct. 1140, 1144, 91 L.Ed. 1368.

Defendant's further contention that the Price Control Extension Act is not applicable to the transaction because title to the rice in question had passed to the purchaser before the effective date of the Act, is not well taken. The cars were not consigned to the purchaser. Under the arrangement in effect, namely, sight drafts with bills of lading attached, title did not pass to the purchaser at the time of shipment. L. Lazarus Liquor Co. v. Julius Kessler & Co., 6 Cir., 269 F. 520, 525; Williston on Sales, Vol. 2, Sections 287, 289.

The judgment of the District Court is reversed, and the action is remanded for proceedings consistent with the views expressed herein.